## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

FREDDY CUEVAS SUSUICO,
DOB: 10/27/1976

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0490-24**
GPD Report Nos. 24-14701/24-14874/24-14884

**DECISION & ORDER
RE. DEFENDANT FREDDY CUEVAS
SUSUICO'S MOTION IN *LIMINE* TO
EXCLUDE ALL EVIDENCE NOT
DISCOVERED TO DEFENDANT BY
LAW ENFORCEMENT
AS OF APRIL 14, 2025**

This matter came before the Honorable Alberto E. Tolentino on June 17, 2025, for a Motion Hearing. Defendant Freddy Cuevas Susuico ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). At this Motion Hearing, the parties were before the court to address Defendant's Motion in *Limine* to Exclude All Evidence Not Discovered by Law Enforcement as of April 14, 2025, which was filed on April 28, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence Not Discovered by Law Enforcement as of April 14, 2025.

\\

\\

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico*, CF0490-24
Page 1 of 7

## BACKGROUND

On July 19, 2024, the People charged the Defendant via Indictment for the following offenses: (1) Three Counts of COMPLICITY TO COMMIT BURGLARY (As a 2nd Degree Felony) with a Notice of Commission of a Felony while on Felony Release; and (2) Three Counts of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Indictment (July 19, 2024). On October 29, 2024, the People subsequently filed a Superseding Indictment for the same offenses, but also attaching the Notice of Commission of a Felony while on Felony Release to the Second Charge of THEFT BY RECEIVING (As a 2nd Degree Felony). *See generally* Superseding Indictment (Oct. 29, 2024).

The court issued its Criminal Trial Scheduling Order, setting deadlines for the parties' pretrial pleadings in anticipation for trial. Namely, the court set April 14, 2025, as the deadline for the parties to submit mutual discovery or file a Motion to Compel Discovery. *See* Crim. Trial Scheduling Order (Dec. 20, 2024). Additionally, the court ordered the parties to submit all motions by April 28, 2025. *Id.* Leading up to trial, which was previously scheduled for June 16, 2025, the Defendant filed seven motions. On January 6, 2025, the Defendant filed his Motion to Suppress Evidence, including all allegedly involuntary statements made by the Defendant to law enforcement; and all unrecorded (through video or audio) statements made by the Defendant to law enforcement. *See* Mot. Suppress (Jan. 6, 2025). The People filed its Opposition in response to the Motion to Suppress on January 17, 2025. *See generally* Ppl.'s Opp'n Suppress (Jan. 17, 2025).

The Defendant later filed the following motions on April 28, 2025: (1) Defendant Freddy Cuevas Susuico's Motion to Dismiss Indictment; (2) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Prohibit Defendant's Statements at Trial; (3) Defendant Freddy Cuevas Susuico's

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico*, CF0490-24
Page 2 of 7

Motion in *Limine* to Exclude Mug Shots; (4) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025 ("Motion in *Limine*").

Despite proper service that was effectuated for these motions in *limine*, the People had filed no responses as of the Motion Hearing, which was previously scheduled for May 28, 2025. As a sanction for the People's failure to timely file responses to the Defendant's motions in *limine*, the court barred any oral argument form the People at the continued Motion Hearing scheduled for June 17, 2025. *See* Mot. Hr'g Mins. at 10:29:46 – 32:04AM (May 28, 2025). However, the court permitted the People leave of court to file late responses to the Defendant's motions no later than close of business on June 4, 2025. *Id.*[1]

In accordance with the court's new deadline, the People filed the following responses to the Defendant's motions mentioned above: (1) People's Opposition to Defendant's Motion to Dismiss Indictment; (2) People's Opposition to Defendant's Motion in *Limine* to Prohibit Use of Defendant's Statements at Trial; (3) People's Non-Opposition to Defendant's Motion in *Limine* to Exclude Mug Shots; (4) People's Opposition to Defendant's Motion in *Limine* to Exclude Any Prosecution Expert from Testifying; (5) People's Opposition to Defendant's Motion in *Limine* to

---

[1] If a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver."). Despite the People's failure to timely file responses in this case, the court still has an obligation to analyze the merits of the issue before it. In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico,* CF0490-24
Page 3 of 7

Exclude Evidence of Any Misconduct Committed During Pretrial Detention and Pretrial Release; and (6) People's Opposition to Defendant's Motion in *Limine* to Exclude All Evidence Not Discovered to Defendant by Law Enforcement as of April 14, 2025 ("People's Opposition").

In his Motion in *Limine*, the Defendant argues that the People should be prohibited from introducing evidence that was not discovered to him by the court's April 14th discovery deadline. *See* Def.'s Mot. *Limine* Apr. 14, 2025 (Apr. 28, 2025). In its Opposition, the People respond that all discoverable evidence currently within its office's possession has already been disclosed to the Defendant. *See* Ppl.'s Opp'n Apr. 14, 2025 (June 4, 2025). On June 17, 2025, all parties were present before the court to address the Defendant's pending motions in this case. After hearing the parties' arguments on all motions, the court took the Motion to Dismiss under advisement.

## DISCUSSION

While no general constitutional right to discovery exists in a criminal case "the right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *People v. Orallo*, 2004 Guam 5 ¶ 9 (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846 (1977); *Cole v. State*, 835 A.2d 600, 608 (Md. 2003)). 8 GCA § 70.10 relays the People's discovery obligations as follows:

> (a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:
>
> (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;
> (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico*, CF0490-24
Page 4 of 7

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;

(6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

8 GCA § 70.10(a). This discovery obligation extends to material information controlled by a prosecutor's staff as well as others who may report to them regularly or with regard to a particular case. *See People v. Tuncap*, 1998 Guam ¶ 15 (citing 8 GCA § 70.10(b)). Further, all parties have a continuing duty to disclose to the other party, attorney, or the court "additional material or information previously requested or ordered, which is subject to disclosure." 8 GCA § 70.40.

Although the Defendant does not assert that the People have violated its discovery obligation under 8 GCA § 70.10, he nonetheless seeks to exclude "all physical, documentary, and testimonial evidence" that was not disclosed to the Defendant by April 14, 2025. Def.'s Mot. *Limine* Apr. 14, 2025 at 1. In the same Motion in *Limine*, the Defendant notes that this request does not serve as "a waiver of any of Defendant's right to receive and use at trial materials favorable on the issue of guilt or sentence, and which affects the credibility of the prosecution's case." *Id.* at 2. At the Motion Hearing, the Defendant reminded the People of its obligation under *Brady* to seek out exculpatory evidence and produce it to the Defendant in preparation for trial. *See* Mot. H'rg Mins. at 2:54:00 – 56:36PM (June 17, 2025).[2] By waiting until a short period of

---

[2] "The disclosure of exculpatory evidence is required by section 70.10(a)(7) which codifies and expands upon the constitutional due process requirement, set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), that the prosecution must disclose evidence favorable to the defendant which is material to guilt or punishment." *Orallo*, 2004 Guam 5 ¶ 12.

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico*, CF0490-24
Page 5 of 7

time before trial to interview witnesses, the Defendant argues that it causes an issue with his right to a fair trial and to prepare for such trial. *Id.*

Despite the People's reassurance that it has already disclosed all discoverable evidence currently within its office's possession, the People also note that it intends to disclose additional discoverable evidence, including witness interviews, which the Attorney General's Office commonly conducts "in the lead-up to trial." Ppl.'s Opp'n at 1–2.

When nearing the day of jury selection and trial, the court recognizes that the state of the evidence in a case may not always remain as it was on the court's preset deadline to exchange discovery. Although the Defendant indicated that he served the People with a Request for Disclosure on November 12, 2024, he filed no motion for discovery or motion to compel discovery by April 14, 2025, to ensure such disclosure before trial. *See* Def.'s Mot. *Limine* Apr. 14, 2025 at 1. While the Defendant reminds the court of his right to prepare a defense in anticipation of trial, the court notes that it vacated the most recent trial date to address the Defendant's pending motions. *See* Mot. H'rg Mins. at 10:17:50AM (May 28, 2025). Because of this, along with the Defendant's waiver of speedy trial, either party still has the opportunity to request this court for a continuance, if necessary, to review additional discoverable evidence; should any be turned over on or before a newly issued trial date.[3]

At this time, the Defendant's general request to exclude all evidence not discovered by law enforcement as of the court's April 14th deadline is premature when the Defendant has made no showing of the exculpatory or nonexculpatory nature of any undisclosed evidence within the People's possession. Therefore, the court does not find it appropriate to grant the Defendant's Motion in *Limine.*

---

[3] The Defendant filed a written waiver of speedy trial twice. He first waived his right to speedy trial on September 23, 2024; and waived again on November 21, 2024. *See* Waiver (Sept. 23, 2024); *see also* Waiver (Nov. 21, 2024).

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico,* CF0490-24
Page 6 of 7

## CONCLUSION

For reasons stated above, the court hereby **DENIES** Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence Not Discovered by Law Enforcement as of April 14, 2025, notwithstanding the parties' continuing duty to disclose under 8 GCA § 70.40.

**SO ORDERED** this ____SEP 0 9 2025____.

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, H. Quitugua

Date: 9/9/25 Time: 11:47am

Antonio Cruz
Deputy Clerk, Superior Court of Guam

Decision & Order Re. Defendant Freddy Cuevas Susuico's Motion in *Limine* to Exclude All Evidence
Not Discovered by Law Enforcement as of April 14, 2025
*People v. Susuico*, CF0490-24
Page 7 of 7